## APPEAL OF SPENCER PENROSE.

Docket No. 2982. Submitted November 5, 1925. Decided January 14, 1926.

Letter appealed from *held* not a deficiency letter.

*M. C. Elliott* and *C. C. Hamlin, Esqs.*, for the taxpayer.
*A. Calder Mackay, Esq.*, for the Commissioner.

Before PHILLIPS and TRAMMELL.

TRAMMELL: This appeal came on for hearing on motion of the Commissioner to dismiss for want of jurisdiction of the Board upon the grounds: (1) That the taxpayer in his petition is not appealing from a deficiency determined subsequent to the enactment of the Revenue Act of 1924; (2) that the letter of February 17, 1925, which is attached to the petition as the deficiency letter, is merely a statement by the Department of its position with respect to the assessment theretofore made and is not a statement of the determination of the Commissioner; and (3) that the petition merely calls for the determination by the Board that the assessment for 1917 is barred by the statute of limitations and does not ask for a determination of the deficiency.

The taxpayer, on or about March 15, 1918, filed his return for 1917 showing a tax liability for that year in the amount of $250,-546.53, which was duly paid. In December, 1918, the Commissioner assessed additional taxes for 1917 of $55,909.04, which assessment was forwarded to the collector of internal revenue at Denver, who notified taxpayer on February 15, 1919, of the additional assessment. On February 22, 1919, taxpayer filed a claim for the abatement of $55,211.70 of the additional tax assessed and made payment of the balance. The claim for abatement was duly considered, and in September, 1919, taxpayer was notified by the Commissioner that it would be allowed to the extent of $11,188.25 and rejected for $44,023.45. No

formal certificate of overassessment appears to have been issued. Upon request of the taxpayer the claim for abatement was given further consideration by the Commissioner, and in a letter dated March 7, 1924, the Commissioner advised the taxpayer that the claim for abatement would be rejected for the reason that a reexamination of the return disclosed a tax liability in excess of the amount assessed. In a letter dated March 11, 1924, the taxpayer was advised that a reexamination of the return indicated a liability for 1917 in the amount of $47,305.29 in excess of all sums previously assessed and that, since the five-year period provided in section 250 (d) of the Revenue Act of 1921 within which assessments of additional tax for 1917 might be made had expired, no assessment of the additional amount of $47,305.29 for that year could be made, unless a waiver was signed consenting to a redetermination of the tax liability, and the taxpayer was advised that he would be given an opportunity to present exceptions to any adjustments made before the additional assessment was made, provided the waiver was filed.

In December, 1924, the claim for abatement of $55,211.70 was rejected in full and the collector was notified to collect the amount assessed with interest. The collector thereafter, on January 15, 1925, notified taxpayer of such rejection and demanded payment of such assessment of $55,211.70, with interest in the amount of $27,288.

On February 17, 1925, the Commissioner wrote a letter to an attorney, who represented the taxpayer, in response to a letter from such attorney, dated January 22, 1925, and advised him of the basis for the rejection of the claim for abatement. Since this letter is referred to by the taxpayer as the deficiency letter from which the appeal is taken, it is quoted in full as follows:

Reference is made to your letter dated January 22, 1925, in regard to the 1917 return filed by Spencer Penrose, Colorado Springs, Colorado.

Relative to the deficiency in tax of $47,305.29 of which Mr. Penrose was notified in an office letter dated March 11, 1924, you are advised that since this deficiency was not determined until more than six years from the time that the return was filed and since Mr. Penrose did not choose to sign a waiver or pay the tax, as suggested by this office, the assessment of this amount is barred by the Statute of Limitation.

Regarding your question as to whether the Department can collect that portion of the abatement claim, in the amount of $11,188.25 which should be allowed but which is rejected at this time upon the grounds of the taxpayer's liability for additional tax, the assessment of which is now barred by the statute, your attention is called to Law Opinion 1080, Cumulative Bulletin #5, Page 246.

In this ruling it states in part that the validity of an assessment depends upon the law and actual facts existing. The amount of the tax depends upon the true statutory net income. Therefore an assessment made by mistake or upon items erroneously included may not be abated or remitted because

so made if, at the time its validity is passed upon, this office is in possession of evidence which shows that an equivalent or greater amount of tax is properly due in connection with the income upon which the assessment was predicated. The fact that the statute of limitation had run would not affect its existence. This would preclude the Bureau from abating any portion of the additional tax of $55,211.70 for which the abatement claim was filed.

The records of this office indicate that the notice received by Mr. Penrose of a tax due amounting to some $80,000.00 represents the deficiency of $55,211.70 which was assessed within the statutory period, plus the interest due thereon as computed in the office of the Collector.

Respectfully,

(s)          C. B. ALLEN,
*Acting Deputy Commissioner.*

The above letter is in no sense the determination by the Commissioner of a deficiency in tax. It is merely an explanation to the taxpayer's counsel of the action of the Commissioner theretofore taken. It does not indicate that the Commissioner had reconsidered his former action or that he was at that time determining any tax liability.

Without passing upon any other jurisdictional question raised, it is sufficient to say that the appeal was not taken within 60 days from the determination of a deficiency by the Commissioner. The letter of February 17, 1925, did not advise the taxpayer of a deficiency in tax. This being true, the Board is without jurisdiction to hear and determine the appeal. The appeal is dismissed.